**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4312**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

CHRISTOPHER J. RUFFIN,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00335-HEH-1)

───────────

Submitted:  May 31, 2011          Decided:  June 7, 2011

───────────

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

───────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

───────────

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Elizabeth S. Wilson, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher J. Ruffin appeals from his conviction and 240-month sentence following his guilty plea to one count of manufacturing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2006); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Ruffin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning the validity of his appellate waiver and whether the district court complied with Fed. R. Crim. P. 11 in accepting Ruffin's guilty plea. Ruffin filed a pro se supplemental brief alleging ineffective assistance of counsel and challenging the substantive reasonableness of his sentence.[*] The Government filed a responding brief arguing that Ruffin waived his right to appeal his conviction. Finding Ruffin validly waived the right to appeal his conviction and sentence, we dismiss his appeal as to the Rule 11 and sentencing claims. As to the ineffective assistance claim, which is not encompassed by the waiver, we affirm.

---

[*] We granted rehearing in this Anders case to correct a clerical error and allow Ruffin the opportunity to file a pro se supplemental brief. He has taken that opportunity.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Ruffin knowingly and voluntarily waived the right to appeal his conviction and sentence. Both Ruffin's counseled challenge to the district court's acceptance of his guilty plea and his pro se challenge to the substantive reasonableness of his sentence fall within the scope of the waiver. We therefore dismiss Ruffin's appeal as to these claims.

Finally, Ruffin's pro se claim that counsel rendered ineffective assistance must be considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless the appellate record conclusively establishes that counsel was constitutionally deficient. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010); United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because we

find no such conclusive evidence, we decline to consider this claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no unwaived and meritorious issues. We therefore dismiss Ruffin's appeal in part and affirm in part. This court requires that counsel inform Ruffin, in writing, of the right to petition the Supreme Court of the United States for further review. If Ruffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ruffin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br><u>AFFIRMED IN PART</u>